**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-09-00829-001-TUC-RCC (JR) |
| Plaintiff, | **ORDER** |
| v. | |
| Michel Martinez, | |
| Defendant. | |

On March 15, 2017, the Court denied Defendant's Motion for Sentence Reduction (Doc. 351) based on the retroactive reduction in base offense levels for drug convictions under the United States Sentencing Guidelines. (Doc. 354.) Defendant appealed the denial, and the Ninth Circuit vacated the Court's Order and remanded the decision, instructing the Court to elaborate on the reasons it denied a sentence reduction. (Doc. 368-1.) Plaintiff filed a Motion to Re-Draft March 15, 2017, Order (Doc. 374) and Defendant filed two requests for updates on the status of his case (Docs. 372, 375). The Court now grants the motions and provides an explanation for the denial herein.

"[A] judgment of conviction that includes [a sentence of imprisonment] constitutes a final judgment" and may not be modified by a district court except in limited circumstances." 18 U.S.C. § 3582(b). "Section 3582(c)(2) establishes an exception to the general rule of finality 'in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o)' and made retroactive pursuant to

§ 994(u)." *Dillon v. United States*, 560 U.S. 817, 824 (2010). In this instance, the district courts may "reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.* at 824-25 (citing 18 U.S.C. § 3582(c)(2)). However, "even where a defendant is permitted to seek a reduction, the district judge may conclude that a reduction would be inappropriate . . . for the statute permits but does not require the court to reduce a sentence." *Freeman v. United States*, 564 U.S. 522, 532 (2011). The 3553(a) factors that may be considered include "the nature and circumstances of the offense and the history and characteristics of the defendant," 18 U.S.C. § 3553(a)(1); the interest in "protect[ing] the public from further crimes of the defendant," § 3553(a)(2)(C); and the interest in deterring criminal conduct, § 3553(a)(2)(B).

After trial, Defendant was convicted of Conspiracy to Possess with Intent to Distribute Cocaine (Doc. 179) for attempting to negotiate the purchase of ten kilograms of cocaine from an undercover officer (Doc. 348-1 at 4, ¶¶ 4-6). The U.S. Probation Office prepared a Presentence Report ("PSR") that calculated Defendant's base offense level as 30, a criminal history category of 1, with a two-level enhancement for his organizational role. (Doc. 348-1 at 6, 13.) Defendant objected to the enhancement for his role in the offense. (Doc. 348-1 at 16.) The Court determined that the base offense level in the PSR was accurate, Defendant played at least a role as middle management, and Defendant was subject to a guideline range of 151-188 months' incarceration. (Doc. 213 at 13-14.) The Court stated, "[Defendant] negotiated everything. . . . He was entrusted with the money. He directed everything that was going on. . . . And the enhancement is appropriate not just because one is the overall leader. One can be an organizer. I think [Defendant's] conduct fits that in this particular case." (Doc. 213 at 13.) The Court sentenced Defendant to the low end of the sentencing range – 151 months' incarceration. (Doc. 179.)

There is no dispute that Defendant is eligible for a sentencing reduction under 28 U.S.C. § 994(o). The Court, however, denied a reduction in sentence because of

Defendant's history and characteristics, for the protection of the public, and in the interests of deterrence.

The Court finds that Defendant's sentence is of sufficient length to accomplish these goals, but not greater than necessary. The Presentence Report reveals Defendant freely admitted to previously transporting at least 70 kilograms of cocaine. (Doc. 348-1 at ¶9.) His concessions also demonstrate he was involved in organizing, concealing, and trafficking cocaine on other occasions. He manipulated his business' trucks to transport cocaine in concealed compartments. (Doc. 348-1 at ¶9.) In addition, Defendant intended to convert the illegal substance into its dangerous derivative, crack cocaine. (Doc. 348-1 at 4, ¶6.) Defendant's conduct and his role in the offense do not persuade the Court to reduce his sentence, regardless of the retroactive amendment to the sentencing guidelines.

Accordingly, IT IS ORDERED the Request for a Status Report from the United States Court of Appeal for the Ninth Circuit's Remand (Doc. 372), the Motion to Re-Draft March 15, 2017, Order (Doc. 374), and the Motion for Decision (Doc. 375) are GRANTED.

Dated this 6th day of May, 2019.

_____
Honorable Raner C. Collins
Senior United States District Judge